IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**February 3, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ARNOLD KUHL,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-277**          (Fam. Ct. Ohio Cnty. Case No. FC-35-2023-D-70)

**MARY ANN KUHL,**
**Respondent Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Arnold Kuhl ("Husband") appeals several orders entered by the Family Court of Ohio County. Husband appeals the June 18, 2025, order dismissing his request for an injunction to prevent the sale of the marital home; the June 18, 2025, order dismissing his "question and notice" because it was not a valid motion; the June 25, 2025, order appointing a special commissioner to aid in the sale of the marital home; and the family court's June 24, 2025, order restricting Husband's contact with the family court to writing due to his vexatious communication with the court.[1] Respondent Mary Ann Kuhl ("Wife") did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering Husband's arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Husband and Wife were divorced by final order entered on January 3, 2024. Because Wife wanted to continue living in the marital home, the family court gave her 120 days to refinance it. If she were able to refinance, she was required to complete the transaction within 160 days from the date of the entry of the final order.

Wife was unable to refinance, and Husband filed a motion asking that the marital home be sold. The family court entered an order requiring the sale of the home on August

_____

[1] Both parties are self-represented.

[2] We recognize our limited and circumspect review of a family court order in an uncontested appeal, like this one, when the respondent fails to participate on appeal to support the order.

1

7, 2024, wherein the court also appointed a realtor and ordered Wife to vacate the home within thirty days, which would have been September 6, 2024. Wife appealed to this Court, and we affirmed.[3]

Subsequently, Husband filed additional motions and documents in family court, seeking an injunction and asking various questions. To address Husband's filings, the family court entered the following orders: (1) a June 18, 2025, order dismissing Husband's request for an injunction to prevent the sale of the marital home; (2) a June 18, 2025, order dismissing Husband's "question and notice" as an invalid motion; (3) a June 25, 2025, order appointing a special commissioner to aid in the sale of the marital home; and (4) a June 24, 2025, order restricting Husband's contact with the family court to writing due to his vexatious conduct toward the court. Husband now appeals these four orders.

For these matters, we use the following standard of review:

When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Husband's assignments of error are unclearly stated, and it is difficult to discern the exact nature of the errors he alleges. Therefore, we decline to consider any alleged error that we cannot decipher pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides, in pertinent part, that a petitioner's "brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error." *See State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996) ("Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal.")

As for Husband's statements that appear to be his assignments of error, he asserts that the family court erred and abused its discretion by: (1) failing to allow him reasonable accommodation as a pro se party; (2) ordering the marital home to be sold; (3) appointing

---

[3] *See Kuhl v. Kuhl*, No. 24-ICA-348, 2025 WL 658315 (W. Va. Ct. App. Feb. 28, 2025) (memorandum decision).

a realtor and special commissioner to assist with the home's sale; and (4) by miscalculating equitable distribution. We disagree.

Regarding Husband's first assignment of error, our review of the record reflects that the family court not only provided him reasonable accommodation as a pro se party, but it also reviewed and addressed all the motions and documentation he filed. For example, when Wife was unable to refinance the marital home, the family court granted Husband's motion to have the home sold by order entered on August 7, 2024. "To preserve an issue for appellate review, a party must articulate it with such sufficient distinctiveness to alert a [reviewing] court to the nature of the claims defect." Syl. Pt. 2, *State ex rel. Cooper v. Caperton*, 196 W. Va. 208, 470 S.E.2d 162 (1996). Here, Husband has not articulated how the family court failed to provide him reasonable accommodation. As such, we find no basis in law to warrant relief on this issue.

Next, Husband contends that the family court abused its discretion by ordering the sale of the marital home and appointed both a realtor and a special commissioner to assist with the sale. This contention lacks merit. West Virginia Code § 51-2A-7(a)(1) (2013) states that a family court has the authority to "[m]anage the business before them." Here, in 2024, Husband moved the court to order the sale of the marital home, and the family court granted his motion. The record on appeal is replete with examples of the parties' difficulty in completing the sale. Therefore, it was not unreasonable for the family court to appoint a realtor and special commissioner to assist them. As such, we find no error by the family court.

Lastly, Husband argues that the family court miscalculated equitable distribution in the divorce. We note that the family court addressed the equitable distribution in the final divorce order entered on January 3, 2024. Pursuant to Rule 22(c)(3) of the Rules of Practice and Procedure for Family Court "an appeal to the intermediate court of appeals may be filed by either party within thirty days after entry of the final order." Husband, who filed this appeal on July 7, 2025, failed to timely appeal the final divorce order within thirty days; therefore, we decline to address Husband's arguments in this regard.

Accordingly, we find no error and affirm the family court's orders entered June 18, 2025, June 24, 2025, and June 25, 2025.

Affirmed.

**ISSUED:** February 3, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

3